IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| EDWARD DEAN GEATHERS | * | | |
| Petitioner, | * | | |
| | * | CIVIL NO. | PJM-07-0201 |
| v. | * | CRIMINAL NO. | PJM-04-0472 |
| | * | | |
| UNITED STATES OF AMERICA, | * | | |
| | * | | |
| Respondent. | * | | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pro se petitioner Edward Dean Geathers has filed a Motion to Vacate, Set Aside or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response in opposition to the Motion. For the reasons set forth below, the Court **DENIES** the Motion.

On March 18, 2005, represented by Joseph Frederick Vallario, Esquire, Geathers pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Geathers was represented at sentencing by the same counsel, at which time the Court sentenced Geathers to 136 months incarceration.

Geathers has now filed the instant petition, alleging violations of his Sixth Amendment right to effective assistance of counsel. He claims that his counsel provided deficient advice as to the length of sentence he would face, in consequence of which he pleaded guilty.

**I**.

Claims of ineffective assistance of counsel are governed by the two-part test outlined in Strickland v. Washington. 466 U.S. 668 (1984). Strickland requires that an individual claiming ineffective assistance demonstrate (1) "that counsel's performance was deficient," and (2) "that the

deficient performance prejudiced the defense." Id. at 687. Representation is deficient if it "falls below an objective standard of reasonableness." Id. at 690. It must also be shown that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." Id. at 687. A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 690-94. Put differently, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Id. at 686.

### A.

Geathers' claim fails to meet the first prong of Strickland. The standard of review for assessing counsel's competence "must be highly deferential" and the court must "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." Id. at 669. Geathers has identified no deficiencies in counsel's performance sufficient to overcome this presumption.

His sole claim of ineffective assistance is that counsel "promised" that he would receive no more than ten years imprisonment if he pleaded guilty. The only evidence to support this allegation is a pair of similarly worded affidavits from Geathers' mother and sister. Both affidavits assert that counsel expressed "the concrete possibility" that Geathers would be sentenced to ten years imprisonment, and even suggested that he could be released in approximately seven years based on good time credit and completion of the Bureau of Prisons drug program. Both women also allege that, based on this assurance from counsel, they prevailed upon Geathers to accept the plea

agreement despite his lingering reluctance to do so. These affidavits fly in the face of undisputed facts. The record shows that Geathers and his counsel reviewed the text of the plea agreement on no less than four separate occasions. The plea agreement specifically stated that Geathers would serve a *minimum* sentence of ten years and a *maximum* of life imprisonment. When Geathers signed the agreement, he acknowledged his understanding that he was subject to the *minimum* sentence of ten years. Geathers himself concedes that his counsel gave him accurate information about the possibility of early release upon completion of the BOP drug program.

Moreover, the record shows that at his plea colloquy Geathers was made aware of the potential sentence he faced. The Government, in orally reciting the terms of the plea agreement, once again stated that Geathers would face a minimum of ten years imprisonment. The Court repeated this to Geathers. Then, under oath, Geathers affirmed that he had received no other promises regarding his sentence as well as his understanding of the potential sentence that he faced. Based on this testimony, the Court determined that Geathers understood the terms of the plea agreement and that in pleading guilty, he was acting voluntarily and knowingly. Geathers has provided no evidence to contradict the Court's determination.

At most, counsel may have underestimated Geathers' sentence, but even that would not establish objective unreasonableness of the assistance rendered. See, e.g., United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (counsel acted reasonably in telling defendant he would not be a career criminal where court correctly advised defendant of maximum sentence at Rule 11 hearing); United States v. Lambey, 974 F.3d 1389, 1395-96 (4th Cir. 1992) (no deficient assistance of counsel where defendant received 360 month sentence despite attorney's assurance that he would receive

3

70 to 108 months). Given the substantial benefits of the plea[1] and Geathers' admitted lack of confidence about his chances of succeeding at trial, counsel's urging that he accept a plea bargain was objectively reasonable. See United States v. Dixon, 105 Fed.Appx. 450, 452 (4th Cir. 2004) (stating that defendant received effective assistance when his counsel advised him to plead guilty when he felt the chances of losing were likely and his defense would probably not succeed). From all indications, counsel provided accurate advice about the risks of pleading guilty. See id. at 688; United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (holding that defendant received effective counsel where he exercised his choice to plead guilty despite being made expressly aware of the risks of doing so). Indeed, independent counsel who reviewed the case concluded that Geathers' counsel "did what any good lawyer would do" while representing Geathers. In sum, counsel did not render ineffective assistance to his client.

**B.**

Even assuming Geathers could prove that counsel acted unreasonably by "promising" him a sentence of no more than ten years, he would nonetheless fail to establish that this advice prejudiced his decision to plead guilty. To establish prejudice, a defendant must prove that he was "erroneously induced to believe that [he] would benefit from pleading guilty." United States v. Fuller, 769 F.2d 1095, 1098 (5th Cir. 1985). Simply asserting the possibility of another outcome is not enough to meet the burden imposed by Strickland. Fisher v. Angelone, 163 F.3d 835, 848-49 (4th Cir. 1998). Rather, the defendant must show a "reasonable probability that but for counsel's

---

[1] In exchange for the agreement and the waiver of a right to appeal, the Government promised not to pursue the additional ten year minimum sentence that would have resulted based on Geathers' prior criminal history.

errors, he would not have pleaded guilty" and would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Geathers has not established that, but for his counsel's advice, he would have proceeded to trial. His decision to plead guilty was undoubtedly influenced by the favorable nature of his plea agreement, not by counsel's alleged "promises". Indeed, Geathers admitted to the independent counsel who reviewed his case prior to sentencing that he had accepted the plea due to the weakness of his case and his unwillingness to fight the Government in court—not because of any misrepresentations by his counsel. At no point during his plea colloquy with the Court did Geathers even hint that he was pleading guilty in the belief that he would serve no more than ten years in prison. In short, counsel's alleged "promises" regarding the sentence Geathers might serve had no prejudicial effect on his defense.

## II.

For the foregoing reasons, Geathers' Motion to Vacate, Set Aside, or Correct Sentence is DENIED. A separate order WILL ISSUE.

|  |  |
|---|---|
|  | /s/ |
|  | PETER J. MESSITTE |
| June 27, 2007 | UNITED STATES DISTRICT JUDGE |